**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1393-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHRISTIAN R. DELOACH,

     Defendant-Appellant.

_____

          Submitted November 18, 2025 – Decided March 10, 2026

          Before Judges Chase and Augostini.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 02-03-0485.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (Michael Denny, Assistant Deputy Public Defender, of counsel and on the brief).

          Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Christian R. Deloach appeals from the June 26, 2023 order denying his motion for a new trial based on newly discovered evidence. Having reviewed the record and governing law, we affirm substantially for the reasons set forth in Judge Henry P. Butehorn's cogent written opinion.

We need not recite the facts leading to defendant's arrest and convictions because they are detailed in our prior opinions. State v. Deloach (Deloach I), No. A-2301-03 (App. Div. 2006 Feb. 7, 2006), certif. denied, 186 N.J. 603; State v. Deloach (Deloach II), No. A-0891-10 (App. Div. 2012 Apr. 18, 2012), certif. denied, 213 N.J. 57. We summarize the facts relevant to the issues on this appeal.

I.

On June 26, 2003, following a twelve-day jury trial, defendant was convicted of nineteen counts in a twenty-two-count indictment which included a series of armed robberies, conspiracy to commit armed robbery, attempted murder, aggravated assault, and other offenses on July 15, 2001, during "Greek Fest" in Asbury Park. He was sentenced to an aggregate sixty-year term of imprisonment with a fifty-one-year period of parole ineligibility.

Defendant filed a direct appeal, and on February 7, 2006, we affirmed his convictions except for the carjacking conviction and remanded for resentencing.

A-1393-23

Deloach I, slip op. at 6-16. The Supreme Court denied defendant's petition for certification. Deloach, 186 N.J. 603.

On March 24, 2006, defendant was resentenced to an aggregate fifty-year term of imprisonment. On September 11, 2008, defendant filed a post-conviction relief (PCR) petition which the trial court denied. We affirmed the PCR denial on April 18, 2012, and the Supreme Court denied defendant's petition for certification. Deloach II, slip op. at 7. On August 9, 2013, defendant filed a petition for writ of habeas corpus, which the federal district court denied on March 15, 2017.

This brings us to the current matter. In 2023, defendant filed a motion seeking a new trial based on newly discovered evidence, an alleged Brady[1] violation, and a claim of willful destruction of evidence by the State. The newly discovered evidence involved the testimony of Officer Phillip Montgomery. At defendant's trial, Montgomery, responding to repeated gun shots, approached defendant's co-defendant, Saleem Wheeler, who was on the ground after being shot. Montgomery testified that Wheeler asked him, "Montgomery, what [] happened to Power?" Montgomery explained that he knew Power to be

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

A-1393-23

defendant. According to defendant, Wheeler's statement was used by the State to establish a conspiracy between defendant and Wheeler.

Following his trial, defendant discovered that on May 30, 2007, Montgomery was indicted by a federal grand jury with multiple crimes, involving the theft of a watch from defendant's friend, Jonathan Thomas. Montgomery stole the watch from Thomas on February 27, 2003, during an attempt to execute an arrest warrant for him. During the federal litigation involving Montgomery, he submitted to a psychological evaluation, resulting in a July 26, 2007 report. During the evaluation, Montgomery explained why he took Thomas' watch. On October 5, 2007, a jury convicted Montgomery of deprivation of civil rights, conspiracy to obstruct justice, and obstruction of justice.

Defendant presents the same arguments on appeal that he made before Judge Butehorn. He contends the State's evidence against him at trial was largely circumstantial; therefore, Montgomery's testimony was a critical piece of the State's evidence of conspiracy. Because the newly discovered evidence was credible and material to defendant's claim of innocence, defendant argues that it was likely to have changed the jury's verdict. Defendant also contends the State's failure to disclose the investigation into Montgomery's theft deprived

4

him of a fair trial, and he is now entitled to a new trial. Finally, defendant asserts the court erred in rejecting his argument that the State's destruction of their investigatory file into Montgomery amounted to a violation of due process and required a new trial.

Although having found defendant satisfied the second prong of Carter,[2] namely, that "the evidence was discovered since the trial and was not discoverable by reasonable diligence beforehand," the judge found the evidence failed to satisfy the first and third prongs of Carter. As a result, the judge did not grant defendant's motion for a new trial, detailing his reasons in a comprehensive and well-reasoned thirty-two-page opinion. The judge also found that the newly discovered evidence was not material to defendant's case to satisfy the third prong of the Brady analysis "for the same reasons the court found the newly[]discovered evidence was not material." Finally, the judge found that the State's failure to retain the Montgomery files did not rise to the level of bad faith, and therefore, the destruction of the evidence did not amount to a violation of defendant's due process rights.

On appeal, defendant presents the following points for our consideration:

---

[2] State v. Carter, 85 N.J. 300, 313 (1981).

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.

POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BECAUSE THE STATE DID NOT DISCLOSE EXCULPATORY EVIDENCE BEFORE DEFENDANT'S TRIAL.

POINT III

THE STATE'S DESTRUCTION OF THEIR INVESTIGATION INTO OFFICER MONTGOMERY REQUIRES REVERSAL OF DEFENDANT'S CONVICTIONS AND THE DISMISSAL OF THE INDICTMENT.

II.

"A motion for a new trial based on the ground[s] of newly[]discovered evidence may be made at any time." State v. Szemple, 247 N.J. 82, 99 (2021) (quoting R. 3:20-2). A defendant seeking a new trial

> must demonstrate that the evidence is, indeed, newly discovered; a new trial is warranted only if the evidence [is:] "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted."

6

> [Ibid. (citing State v. Nash, 212 N.J. 518, 549 (2013)
> (quoting Carter, 85 N.J. at 314.))]

All three prongs of this test must be satisfied before a new trial will be granted. State v. Ways, 180 N.J. 171, 187 (2004) (citing Carter, 85 N.J. at 314).

Motions for a new trial rest in the sound discretion of the trial judge and will not be disturbed on appeal, absent a clear abuse of discretion. State v. Smith, 224 N.J. 36, 49 (2016). Motions for a new trial based on newly discovered evidence must consist of proof which would affect the jury's verdict. Ibid.

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's motion for a new trial substantially for the reasons detailed at length in Judge Butehorn's opinion. We add only these brief comments.

The judge did not abuse his discretion in finding defendant's request for a new trial under Carter and Brady failed to meet the materiality and impact requirements of both tests. The judge properly rejected defendant's characterization of Montgomery's testimony as "critical in linking defendant and Wheeler as co-conspirators." Montgomery's testimony, short in duration, "was not the only testimony" describing the events of that evening or connecting "defendant to a conspiracy to commit robbery," as the judge correctly found.

7

For example, Detective Barry Grave provided eyewitness testimony that he saw defendant fire a weapon. Other victims' testimony associated defendant with Wheeler, and defendant himself acknowledged being at Greek Fest dressed in clothing consistent with descriptions by the victims of the individuals involved in the various crimes. Defendant was also found in possession of "multiple metal chains . . . including one that matched the description of [a victim's] stolen chain."

Moreover, the theft occurred three months prior to defendant's trial, while the federal investigation of Montgomery's actions occurred well after defendant's trial. Even assuming, as the judge aptly noted, "there was some impeachment value" to the newly discovered evidence, this evidence "falls well short of the type of evidence that has the ability to alter the verdict." We agree.

In sum, we discern no abuse of discretion in the judge's consideration of the issues, his legal analysis under either <u>Carter</u> or <u>Brady</u>, nor in his ultimate decision to deny the motion for a new trial.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-1393-23